# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

HARRY YEAGGY,                                  Case No.: 1:14-cv-744

       Plaintiff,                           Judge Michael R. Barrett

STEVEN C. SUNSHINE,

       Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Steven C. Sunshine's Motion to Dismiss, or in the Alternative, to Stay and Transfer (Doc. 3), and Plaintiff Harry Yeaggy's Motion to Consolidate Cases (Doc. 13). The parties have filed their respective responses in opposition. (Docs. 9, 14).

## I.  GENERAL OVERVIEW

This lawsuit stems from a dispute over whether Plaintiff and Defendant entered into a contract concerning the commission allegedly owed to Defendant upon Plaintiff's purchase of a Ferrari 250 Testa Rossa Serial No. 0724 ("Testa Rossa"). Plaintiff contends that no such contract was entered into and seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C § 2201.

Plaintiff is an individual automobile collector residing in Ohio. Defendant is an individual who performs services as an automobile broker and who resides in New Jersey. Plaintiff alleges that Defendant contacted and solicited Plaintiff in Ohio to engage him by sending a broker/commission agreement for representing and/or aiding Plaintiff in the purchase of the Tetsa Rossa 0724, but that Plaintiff refused to sign the agreement. Through direct contact

1

from and negotiations with the Testa Rossa, Plaintiff purchased the Testa Rossa. Subsequently, Defendant sent a letter to Plaintiff asserting that he was owed a 3% commission by Plaintiff for the purchase of the Testa Rossa.

On September 18, 2014, Plaintiff filed this declaratory judgment action. On October 3, 2014, Defendant filed a complaint against Plaintiff in the United States District Court for the District of Massachusetts asserting multiple causes of action arising from the purported contract and Plaintiff's purchase of the Testa Rossa.

## II. ANALYSIS

Defendant moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction and improper venue. In the alternative, he requests the Court to dispense with the first-to-file rule in favor of the coercive action in the District of Massachusetts or to stay and transfer this action to the District of Massachusetts. Upon review, the Court finds the first-to-file rule is inapplicable and it is appropriate to transfer of the declaratory judgment action to the District of Massachusetts where the coercive action is pending. It therefore will not address the other issues raised.

The first-to-file rule is a "well-established doctrine that encourages comity among federal courts of equal rank." *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n. 8 (6th Cir. 2004) (quoting *Zide Sport Shop of Ohio v. Ed Tobergate Assocs..*, 16 F. App'x 433, 437 (6th Cir. 2001). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop*, 16 F. App'x at 437 (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)). However, it is well settled that "the first-filed rule is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a

2

declaratory action." *AmSouth Bank*, 386 F.3d at 791 n. 8. The Sixth Circuit has explained that district courts have the discretion to dispense with the first-to-file rule where equity so demands. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551-52 (6th Cir. 2007). "A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing." *Id.* at 551. Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping. *Id.* (citing *Zide Sport Shop*, 16 F. App'x at 437). "Cases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit." *Amsouth Bank*, 386 F.3d at 791 n. 8.

Here, the evidence presented by the parties reflects that the declaratory judgment action is an anticipatory suit. It was not until after Defendant claimed entitlement to the 3% commission through a demand letter and a response was made thereto that Plaintiff filed this action. While filing in an anticipation of a lawsuit by Defendant does not itself amount of bad faith, it nevertheless weighs in favor of staying or dismissing this lawsuit in favor of the substantive suit in the District of Massachusetts. Moreover, this lawsuit and the District of Massachusetts lawsuit involve identical parties and nearly identical issues that are in the progress of being litigated on the merits and the coercive action will serve to more fully address the disputes of the parties, regardless of the outcome. Accordingly, the Court finds that the declaratory judgment action must give way to the District of Massachusetts action involving the merits of the

3

underlying claims. This matter shall therefore be transferred to the District of Massachusetts in the interests of justice pursuant to 28 U.S.C. § 1404.[1]

## III. CONCLUSION

Consistent with the foregoing, Defendant's Motion (Doc. 3) is **GRANTED** and Plaintiff's Motion (Doc. 13) is **DENIED**. This case shall be TRANSFERRED to the District of Massachusetts where the coercive action is pending.

**IT IS SO ORDERED.**

<u>s/Michael R. Barrett</u><br>
MICHAEL R. BARRETT, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[1] Further, the Court has the discretion under the Declaratory Judgment Act to determine whether to exercise jurisdiction over a declaratory judgment action. *AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004). Considering the relevant factors, the Court would decline to exercise that jurisdiction because it finds that any judgment in this case would not necessarily settle the controversy as continuing issues may exist if a contractual relationship were found, that the usefulness is undercut in the presence of an already-accrued claim for damages, that the declaratory remedy is sought anticipatorily in light of an already-accrued claim for damages, and that the remedy to be obtained through a coercive action is the more effective avenue for relief. *See id.*